IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAIL TURNER, #191059, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-580-F |
| ) | WO |
| ) | |
| DONAL CAMPBELL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Gail Turner ("Turner"), a state inmate, challenges the conditions of confinement at the Julia Tutwiler Prison for Women. Specifically, Turner contends that the defendants have failed to enforce the no smoking policy inside the facility resulting in her exposure to an unconstitutional level of second-hand smoke. On July 14, 2005, the plaintiff filed a petition to certify this case as a class action under Rule 23, *Federal Rules of Civil Procedure*. The court therefore construes this document as a motion for class certification. Upon consideration of the motion for class certification, the court concludes that this motion is due to be denied.

The plaintiff is an inmate who seeks to represent all non-smoking inmates confined at the Julia Tutwiler Prison for Women. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. The court concludes that the *pro se* prisoner plaintiff is not an adequate class

representative able to fairly represent the class. *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981). Class certification in this case is therefore improper. Thus, the plaintiff's motion for class certification is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion for class certification be DENIED.

2. This case be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before 4 August 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of July, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE