# IN THE DISTRICT COURT OF THE UNITED STATES
## OF THE MIDDLE DISTRICT OF ~~AMERICA~~ *Alabama*

## NORTHERN DIVISION

GAIL TURNER # 191059
**Plaintiff**

**VS**

Case No: 2:05-CV 580-F

**Donal Campbell     et. Al**
**Defendants**


Plaintiff's response to defendants: Donal Campbell, Gladys Deese, Frank Albright, and Lenita Hawthorne. *Motions/Arguments*

Plaintiff submits this response to the defendant's arguments with her exhibits including a Declaration pursuant to U.S.C. 1746.

The FRCP 8 A2 requires only "a short and plain statement showing that the pleader is entitled to relief. This has been done; the Supreme Court has held that notice pleading is sufficient   1983.

The defendants was made aware of the unconstitutional, unwilling, unreasonable level of second hand tobacco smoke so strong that I am being awake from sleeping because of the smell of tobacco smoke, including filter and non-filtered Cigarette products, introducing unidentified particles in the air.

The prohibition/Restriction of Inmates to smoke inside this facility indicates that the defendants have already recognized that as an inmate I deserve to be protected for/from " ETS." As the Plaintiff I argue that their failure to adequately control in house smoking and or failure to enforce their own policies, rules and regulations as well as other known factors, the request by the defendants for:

    1. Immunity
    2. Dismissal
    3. Summary Judgment
Should be denied.

As an inmate being exposed to levels of ETS that poses an unreasonable risk to my present and future health, the Eighth Amendment has been violated. Cruel and Unusual Punishment Clause.

"ETS", - Environmental Tobacco Smoke.

Pursuant to FRCP 8 A2 requiring on a short and plain statement showing the pleader or pleaders is entitled to relief.

Plaintiff asserts that this has been done:

The Supreme Court has held notice pleading is sufficient for    1983

Pursuant to 28 U.S.C.   1331 and 1343 (A) (3) this court has jurisdiction over plaintiff' federal claim.


# Cause Of Action

Count I

The deliberate indifference of the defendants to protect the Plaintiffs against substantial risk and harm to the non-smoker's health presently being:
1. Aggravated
2. Exacerbated

Future harm to the non-smoker's health and safety that can medically be attributed to second hand tobacco smoke.

Count II

For future damages non-smokers being subjected to lung cancer by being unwillingly exposed to unreasonable and unconstitutional levels of passive second hand smoke. The Defendants has deprived and continues to deprive Plaintiff(s) of their right under the Due Process Clause of the 14th Amendment to U.S.C.A.

Count III

Failure of the Defendant to adequately monitor and take disciplinary actions not based on the violation but:
1. Who you are
2. How the officer feel about you
3. Inmates are assigned extra duties as punishment for being caught smoking
by certain officers. No continuity in disciplinary actions for inmates caught smoking.

Count IV

The deliberate indifference shown by the Defendants to the Plaintiff(s) (non-smoker medical conditions:

## I. Defendants are not entitled to qualified Immunity

Defendants argue that the doctrine of qualified immunity shields them from liability in violation of an established Constitutional Right.

Their decision to sell cigarettes to inmates without proper warning of the health hazards to non-smoking inmates (me) being housed in the dorms with very limited living space.

Failure to control smoking inside the facility based on their rules and regulations.

As a non-smoking inmate suffering from health problems already known to the Defendants by being exposed to unreasonable levels of second hand smoke conditions known and unknown has been and will be: Present and in the future
1. Aggravated
2. Exaceerbated

## II Eighth Amendment Clause Cruel and Unusual Punishment

gives me a cause of action as well as my belief that the Defendants have with deliberate indifference- exposed me to levels of ETS that posed an unreasonable risk of serious damage to my future health.

## III The Prohibition/Restriction

of smoking inside the facility in question. According to the Defendant's Rule Number 009, in an indication that the Defendants have already recognized that as a non-smoking inmate there is a need to be protected from "ETS". As the plaintiff it is my belief because of their failure to adequately control in house smoking this does not shield them from liability in this civil action.

**IV. The Defendants knowingly** provided access to tobacco products for a profit in a control environment totally, deliberately, willfully, disregarding the substantial risk of serious harm to me and in the future.

**V. The Defendants in his/her individual and official capacities** reasonably should know what the Constitution requires in regard to the health safety, and welfare to be provided to me an inmate as well as a non-smoker.

Plaintiff in providing Exhibits, Declaration, Cases cited request for Dismissal and/or Summary Judgment should be denied.

Air pollution (tobacco smoke is an air pollutant) results in increased number of deaths among people with Cardiac and Respiratory Diseases.

A striking increase in the number of deaths among the person who already suffers from Heart and Chronic Lung Diseases

## VI. Each Defendant in his or her official and individual capacity through in-service and training:

Should be able to maintain a certain level of knowledge as to what the Constitution requires (A) In protecting me as an inmate/non-smoker (B) The changes in society's attitude involving prisoners being subjected to "ETS".

# Factual Allegations

I.    Tutwiler Prison for Women (Annex) is located in Wetumpka, Alabama. Inmates are housed in two separate units known as Dorm 11 and 12.

II.   Each dorm consist of no more than 8-10 cubes:

    A.  Each cube housing up to 15-16 inmate in very limited living space.
    B.  Twelve to thirteen of the sixteen inmates smoking inside the facility during a 24 hour period.

III.  The Annex is understaffed at times there have been only one officer to each housing unit (dorm) with 110-120 up to 128 women assigned.

    A.  Officer in dorm 11 having to monitor the pill line at this time no officer monitors the dorm, only when a certain Sergeant work is the dorm monitored during pill call.

IV.   Defendants in charge of the policy making and supervision have failed to implement adequate smoking control. Constantly subjecting me, a non-smoker to unwilling levels of second-hand tobacco smoke. Official knowledge of a substantial risk to present and future health

Others have filed: As well as myself.
1. Inmate request
2. Filed lawsuits
3. Written letters
4. If the court will have someone to inspect the dorms at the Annex evidence is obvious even a layperson can see evidence of excessive smoking:
    (a) Commode seats with cigarette burns
    (b) Match stems on the floor
    (c) Creamer packages used for ashtrays
    (d) Cigarette butts in the bathrooms, shower, and living areas
5. Cigarette butt cans immediately on entrance and exits of the doors
6. In exiting or entering the doors a cloud of smoke is the first thing you see
7. I have observed inmates walk inside the dorm and blow out smoke into the dorm.

V.    Cigarette butt cans as well as smoking:
     A. Butt cans immediately at the entrance and exit of each dorm.
     B. Smoking immediately at the entrance and exit of each dorm.

     **Fact:** On one occasion Dorm11 inmates had to be evacuated due to what was said to be an electrical fire. The dorm filled with smoke and the fire and smoke alarm never went off. An inmate being awaken for work alerted the authorities.

As the Plaintiff in this case according to Rule Number: 009 the policy restricts smoking inside the facility. As well as within ten (10) feet of the entrances or exits, etc.

There is no "Smoking Policy" in effect being in a controlled environment. Cigarettes are only obtainable in the Quantity that permits me to be subjected to the unreasonable amount of second-hand smoke purchased from the canteen.

Prison official ignored the known and unknown dangers posed by my being exposed to unreasonable, unconstitutional, and unwilling levels of second-hand smoke.

It is my belief that the Defendants never took into consideration:
I.     Surgeon General caution on tobacco packing.
II.    What society attitude is toward even prisoners being subjected to "ETS" unwillingly?
III.   The short or long term effects of "ETS" on my health.

**509 US. 25, 125 L. Ed. Ad 22**
**Donald L. Helling et. Al Prisoners**

**William McKinney**
**[No. 91-1958]**
**Argued Jan. 13, 1993**
**Decided June 18, 1993**

The Ninth Circuit Court of Appeals, 924 F.2d 1500 affirmed in part, reversed in part and remanded and certiorari was granted. The Supreme Court, 112 S. Ct. 291 vacated and remanded.
Thereafter, the court of Appeals, 959 F.2d 853, reinstated and remanded. Certiorari was granted.

The Supreme Court Justice White held:
1. Prisoner's Eighth Amendment claim could be based upon possible future harm to health, as well as present harm, arising out of exposure to ETS.
2. Prisoner stated cause of action for violation of his Eighth Amendment rights; affirmed and remanded Justice Judge Thomas dissented and filed opinion in which Justice Scalia joined.

**Criminal Law - 1213.10(1)**
1. It is undisputed that treatment prisoners receive in prison and conditions under which he is confined are subject to scrutiny under the Eighth Amendment **USCA Constitution Amendment Eight**.
2. Criminal Law – 1213.10 (3)          Prisons-17 (2)
3. Criminal Law –1213.10 (3)


**In Avery V. Powell, 695 F. Supp. 632 (D.N.H 1988)**

The District Court declined to dismiss an Eighth Amendment claim based on exposure to ETS. The Court first determined that because widely accepted scientific evidence shows that ETS poses health hazards, unwanted exposure to ETS may be a punishment within the meaning of the Eighth Amendment. Id at 639

The Court then ruled that our society's attitude have evolved to the point that unwanted exposure to ETS may amount to a violation of "society's evolving standard of decency." Id at 639-40.

**In Clemmons V. Bohannon, 918 F.2d 858 reh'g en banc granted. 1990 WL 146949, 1990 US. App. Lexis 20375 (10th Cir.1990),** The Tenth Circuit agreed with Avery in holding that indefinite double-celling of smokers with non-smokers against their expressed will can amount to a violation of the Eighth Amendment.

**The Court in Clemmons**

Under Hoptowit an Spain; 753 F 2d at 783

**It is established** that conditions in a prison that threaten a prisoner's health constitute cruel and ⌐ ⎯⎯⎯⎯→ unusual punishment.

Scientific evidence is clear that exposure to ETS can have serious adverse health consequences.

To determine the prevailing attitude of society, the review of statues and regulations that society has enacted restricting smoking in certain places. A significant percentage has been passed by lawmakers motivated by health concerns about exposure to ETS.

The American Jailers Association, which represents 6500 jail administrators, passed a resolution endorsing bans on smoking by inmates.

The review of Legislation and regulations shows that society sees the need to protect non-smokers from involuntary exposure to ETS, which is increasingly regarded and medically proven to be a hazard to the health of non-smokers.

## Evidence
### Circumstantial
I.     Ceiling discoloration from what I believe or appears to be tobacco residue.
II.    Smoke detectors not in working order, no matter how much smoke is in the dorm.
III.   Toilet seats have cigarette burns on them.
IV.    Match stems on the floor in the bathrooms, showers, and living areas.
V.     Bottom inmates can see signs of accumulated signs of Tobacco smoke residue.

# CIGARETTE

**Tobacco Smoke** is a well known source of annoyance as an indoor <u>Air Pollutant</u>

Cigarette smoke is acknowledged to be the single most important cause of Lung Cancer.

Lung Cancer, although very seldom curable, is largely preventable.

Nicotine stimulates the heart to beat faster

<u>Tobacco</u> has some adverse effects on health in whatever <u>form it is ingested.</u>

There are about 4,000 <u>chemicals</u> present in tar of which a number are known to produce <u>Cancer.</u>

Other studies have indicated reduced Lung function in middle-
aged non-smokers exposed to smoke.

## Lung Cancer

Cancer begins when tar "produces chemicals that are known to
produce cancer.

### Unfortunately
Lung Cancer can become far advanced before it produces
noticeable symptoms.

**Surgeon General's Report (1979)** states that Lung Cancer is
largely a preventable disease

### The Supreme Court has explained:

One does not have to await Consummation "of threatened injury to
obtain preventative Relief"

### The Columbia University College of Physicians and Surgeons

Tobacco smoke – Air Pollutant

I.      Air Pollution results in increased number of deaths among
        people with Cardiac and Respiratory Diseases.

II.     A striking increase in the number of deaths among the person
        who already suffers from Heart and Chronic Lung Disease.

        A. Stepped up severity of Asthma Attacks
        B. More acute Bronchitis, Pneumonia and other
           chest illnesses among adults.
        C. Cancer of the Lung.
        D. More deaths among people who are hospitalized
           with Heart Attacks.
        E. One study has indicated that Angina patients
           developed pain more rapidly at these times.
        F. Irritation of the eyes, nose, throat, and changes
           in behavior and <u>heart functions.</u>

**Facts:**
**I.** Prison officials have a Constitutional duty to protect inmates.

The Defendants argue that the doctrine of qualified immunity shields them from liability for their
Failure to control smoking inside a No Smoking Facility (inside).

The official/ defendant policy, custom and action/ inaction caused the violation of my
Constitutional right as afforded by the Eighth Amendment, Cruel and Unusual Punishment that was not part of my sentence.

# IMMUNITY

Any assertion of Immunity should be denied where as in 1993 Helling V. McKinney. The Supreme Court Ruled:

Officials act with Deliberate Indifference if they knowingly expos an inmate to levels of second-hand smoke (tobacco) "that pose an unreasonable risk of serious harm to his future health."

McKinney V. Anderson, 924 F. 2d 1500, 1512 (case 1991

The Court concluded that society's attitude had evolved to the point that involuntary exposure to unreasonably dangerous levels of ETS violated current standards of decency. Id., at 1508

**Officials actually knew the risk. See Exhibit**

The exposure to unconstitutional, unwilling, unreasonable levels of second-hand smoke (tobacco) has been longstanding and persuasive. Smoking as well as non-smoking inmates can testify to the circumstances surrounding this claim.

I.    What appears to be Nicotine residue noted on ceilings in inmates living areas which is discolored.
II.   A ceiling in dayroom where smoking is not done is/ can be noted not to appear discolored.
III.  Bathroom commode seats have cigarette burns.
      A. Match stem are seen on the floor
IV.   Cigarette residue in the shower areas.
V.    Butt cans at the entrance/ exit

U.S. Vs. Lanier, 520 U.S. 259, 270 (1997)

**Facts:**
I.    Smoking in bed is a known fire hazard
II.   Paper creamer packages are used as ashtrays
III.  Butt cans are immediately at the entrances and exits of each
      dorm. As a non-smoker I cannot enter or exit the dorm
      without walking through a cloud of smoke.

**Facts:** the policy states no smoking within ten (10) feet of an
entrance or exit. This is not enforced. Some officers are observed
violating this policy also.

IV. Cigarette Smoking is known to be addictive and a habit that is
hard to break.

## DELIBERATE INDIFFERENCE

**The US Supreme Court** explained what Deliberate Indifference
means in its **1994** decision **Farmers V. Brennan**

In **Farmer** the Supreme Court held that an official acts with
**Deliberate Indifference** when he or she "knows that inmates face
a substantial risk of serious harm and disregards that risk by failing
to take reasonable measures to abate it."

In filing this 42 U.S.C 1983 according to the "PLRA" requirement
all remedies available at Tutwiler Prison (Annex) was exhausted
including letters to the Commissioner.

I.    Officials knew or reasonably should have known about the
      risk and aggravation of my serious medical conditions by



being exposed unwillingly, unconstitutional levels of second-hand smoke.

II. Failed to respond reasonably to that risk to my present medical conditions and future risk for Lung Cancer

The Prison Litigation Reform Act that Congress passed in 1996 states: No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted.

   It applies only to current inmates.
   It does not apply to people who were released when they filed their lawsuits.

## Declaratory Relief

   It is my belief in petitioning the Court for a Preliminary Injunction or Declaratory Relief.

I. We will be able to prove at trial that the Defendants violated an established right(s).

II. We will likely suffer irreparable harm if the Court does not issue a Preliminary Injunction. While continuously being subjected to unconstitutional high levels / unreasonable second-hand smoke.

III. The threat of harm as a non-smoker that I face outweighs any harm the Preliminary Injunction will cause the Defendants

IV. A Preliminary Injunction will serve the public interest.

A. Inmates returning to society with medical problems, aggravated, or created by the failure of officials to control or enforce their policy, rule, and regulation for the health, safety and welfare of the non-Smoker

## EXHAUSTION OF AVAILABLE REMEDIES

NO ADMINISTRATIVE REMEDIES AT TUTWILER

There are no administrative remedies for inmates to exhaust in the Alabama Department of Corrections.

Before filing this Civil Action all available remedies were exhausted: based on the requirement of "PLRA."

I.    Inmate request to officials at the prison(Tutwiler Prison for Women/ Annex)-No Response

II.   Letter to the Commissioner, Donal Campbell-No Response

III.  Verbally to officers- Response "Tell Inmate to go outside and smoke"

IV.   Verbally to Annex Supervisor Lt. Lenita Hawthorne
      A. Written suggestion to house non-smoker(s) in a cube together where as to minimize the unreasonable amount of second-hand smoke that is unwillingly being forced to be inhaled, with no control. No Response



## Absolute Immunity

Certain types of individuals are absolutely completly immune from suit for all actions taken within the scope of their official duties.

In brief Legislators, Prosecutors, Judges (including Administrative Judges).

The Supreme Court has held that Prison officials on a Prison Disciplinary Committee are not performing Judicial Functions and are therefore not Immune from liability for violating my rights.

See Cleavinger V. Saxner, 474 US 193, 206, 106 S. Ct. 496, 88 L. Ed. 2nd 507, 518-19 (1985).

The Defendants conduct clearly violated established statutory/constitutional Rights which a reasonable person would have known.

## List of Parties

Defendant - Commissioner Donal Campbell who is currently Commissioner of the Department of Corrections, being sued in his official and individual Capacity. Supervisory Liability.

It is my belief and through other written documentation that this Defendant is a final policy maker. As well as a Supervisor over the conditions, operations, and control over the Wardens, Deputy Wardens, and the officers they supervise.

Warden Gladys Deese - Being sued in her official and individual capacity. As Warden is responsible for Supervising the day to day operation at Julia Tutwiler Prison for Women Annex.

I. Supervisory Liability

II. Supervising individuals and other officials working under her leadership and direction.

III. Maintaining inmate safety and security.

IV. Responding to inmate request.

V. Enforcing policies, rules and regulations written by the policy makers who are her supervisors.

Deputy Warden Frank Albright - Being sued in his official and individual capacity working with the Warden to supervise the day to day operations at the facility in this civil action to enforce policies, rules, and regulations pertaining to the safety and security of inmates.

I. Supervisor Liability

II. Supervising Lower line officials and officers

A. Making sure they are performing their jobs.

B. As well as enforcing rules and regulations implemented by the policy makers

III. Responding to inmate requests

IV. As well as other duties unknown to inmates

4. Lenita Hawthorne - Is the Tutwiler Prison Annex Administrator.

I. Supervisory Liability

II. Is responsible for Supervising Annex staff.

III. Maintaining inmate safety and security.

IV. Responding to inmate requests.

V. It is my belief and understanding that enforcing the No Smoking inside the facility or within ten(10) feet of the entrance and exit is part of maintaining inmate safety and security.

## Conclusion

It is my belief and understanding as well as research and documentation shows the Court and society recognizes Environmental Tobacco Smoke as a health hazard. To present and future medical conditions. Any level of "ETS" is known to have adverse effects on ones health, even in prison.

Because of all changes in laws and attitude of society smoking is prohibited in most public places, etc. Including Jails and prisons.

The Defendants themselves have a No Smoking Policy but because of their failure to adequately control in house smoking as a non-smoking inmate I have been constantly subjected to unwilling, unconstitutional, unreasonable levels of "ETS".

Because of the threat of continued failure by the Defendants to control in house smoking even with their No Smoking Policy in effect, the Constitutional deprivations will be ongoing without the court:

I. Denying a Dismissal

II. Denying a Summary Judgement

III. Denying Immunity

IV. Granting Injunctive/Declaratory Relief

Plaintiffs Response to Defendants Motion for Summary Judgement

Because the Defendants have failed to meet their burden of demonstrating that there is no dispute as to any material fact and the attached Exhibits show that the Air Pollutant Tobacco Smoke is a known health hazard now and in the future, while violating my clearly established Constitutional Rights as well as their Smoke-Free Policy, this Court should deny Defendants motion.


Plaintiffs Response
Defendants are not entitled to relief under 42 USC § 1997e(e).


The Defendants argue that Plaintiff has not suffered any Physical injury and is therefore not entitled to receive damages under 42 USC§ 1997e(e). This is plainly incorrect. As the Plaintiffs Declaration shows (attached). These injuries are indisputably "Physical" in nature more than deminimis.

Declaration Under Penalty of Perjury of
GAIL TURNER

GAIL TURNER, being competent to make this declaration and
having personal knowledge of the matters stated therein
declares pursuant to 28 USC §1746.

I. Since my incarceration at Tutwiler Prison as well as
the Annex, I have personally filed:
A. Inmate requests placed in the designated box provided
for the Administrative officials concerning my being subjected
unwillingly to unconstitutional levels of second hand tobacco
smoke...
1. Warden Gladys Deese - No response.
2. Deputy Warden Frank Albright - No response.
3. Lt. Lenita Hawthorne - No response.
II. I have also reported individual inmates to Correctional
officers on duty.
III. I have gotten into arguments with my neighbors because
of them blowing smoke in my face, or in my direction.
A. Irritation of the eyes, nose and throat.
B. Coughing and difficult breathing.
C. Constant headaches.
D. Smell and taste of tobacco residue in nose and mouth.
E. Clothing, hair, towel and washcloths retain the smell of
tobacco smoke. In order to go in or out of the building I have
to walk through a cloud of smoke immediately upon entrance

or exit.

IV. On August 1, 2005, I had a chest x-ray and a health care official told me that my lungs look like those of a smoker.

V. For approxiamately a year and a half I have had a constant severe headache that has been unexplained. But, has started to ease up since none is blowing smoke directly in my face.

VI. It is my belief that:

A. In complaining to the Medical staff and Corrections Officials of my headaches, that the high levels of passive, unwilling levels of second hand smoke that I have been subjected to, have been a contributing factor.

B. That chest x-rays taken on August 1, 2005, showing that my lungs look like those of a smoker is due to unwilling, unreasonable, unconstitutional levels of second hand tobacco smoke.

VII. Officers have been heard hollering through the dorm or over the P.A System, complaining of the amount of smoke observed or smelled in the dorm.

VIII. Certain inmates caught smoking, have been assigned to extra duty without disciplinary action. Inmates observed laughing and joking about being caught smoking.

IX. I have personally observed tours of duty where the officers did not/were not seen until count time, leaving inmates smoking in the dorm, 4-5 in a group inside the dorm.

X. Tobacco smoke is a well known source of indoor air pollutant.

XI. It is my belief and understanding that tobacco has

some adverse effects on health, in whatever form it is ingested. Based on the effects and aggravation that I have and continue to have due to my being unwillingly exposed to unconstitutional levels of second hand tobacco smoke inside the dorm.

GAIL TURNER   AIS# 191059
Gail Turner   AIS# 191059

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN

SERVED UPON _State of AL Attorney General_ BY THE U.S.

FIRST CLASS MAIL, THIS ___18th___ DAY OF _September_ , _2005_ .

_Gail Turner # 191059_
PETITIONER  9/18/05